56 CCPA

**Application of Fred E. TUTTHILL.**

**Patent Appeal No. 8104.**

United States Court of Customs and Patent Appeals.

April 3, 1969.

Rehearing Denied June 19, 1969.

———◆———

Richard H. Bradford, Washington, D. C., Bosworth, Sessions, Herrstrom &

**752**

Knowles, Cleveland, Ohio (Arthur L. Cain, Cleveland, Ohio, of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Lutrelle F. Parker, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

WORLEY, Chief Judge.

This appeal is from a decision of the Board of Appeals affirming the rejection under 35 U.S.C. § 103 of claims 1, 12 and 15 in appellant's patent application.[1]

■ The invention relates to a hermetic electrical connector shown in Figures 1 and 2 of the application drawings:

Fig. 1          Fig. 2

The connector includes a unitary, molded insulating body (26) in sealing contact around an electrically conductive pin (25). A threaded portion (29) of the body is adapted to engage a correspondingly threaded opening in a wall in which the connector is to be mounted. A shoulder (34) of the body is provided with a groove (31) receiving an O-ring (32) which is pressed into sealing contact against the wall as the body is threaded into position.

Claims 1 and 15 are directed to the structure just described, with claim 1 representative:

    1. A hermetic connector for providing a lead-in through an aperture in a wall, said connector comprising a unitary, molded body member and a pin molded therein, said pin extending through said body member for connection with electrical leads, said unitary body member comprising integral means for engaging and coacting with the wall to retain said connector in sealing engagement in and with the wall, and sealing means carried by and on said body member to engage and seal against the wall through which said connector is to extend.

Claim 12 depends on claim 15 and recites the additional limitation that the diameter of the O-ring is less than that of the groove in which it is mounted in

1. Application of Fred E. Tutthill, filed November 23, 1964, Serial No. 414,520 for "Unitary Hermetic Connector with Contained Sealing Means."

order to maintain the O-ring in a stressed condition.

The references are:[2]

| | | |
|---|---|---|
| Diethert | 2,457,535 | Dec. 28, 1948 |
| Marsan | 2,530,258 | Nov. 14, 1950 |
| Bondon | 2,672,500 | Mar. 16, 1954 |

Diethert's Figures 2 and 4 are reproduced below:

FIG. 2.

FIG. 4.

The Diethert connector includes a molded, insulating body (10) extending about pins (16). A threaded portion (12) of the body passes through an opening in a wall (14) and engages a nut (13). A shoulder (11) of the body presses a suitable gasket (15) against the wall as the nut is tightened onto the body against the other side of the wall.

Marsan discloses an insulating electrical connector body surrounding an electrical contact passing through a wall. The externally threaded connector body may be engaged either with a nut or with corresponding threads tapped directly in the wall.

Bondon shows an electrical connector body adapted to pass through a hole in a wall, in which the body is provided with a shoulder having an annular groove within which is mounted an O-ring to be pressed into sealing contact against the wall.

The board thought that the structure set forth in claims 1 and 15 was met by the Diethert connector apart from the use of a nut by Diethert to secure his connector, and that securing the connector directly to the wall, as does appellant, would be only an obvious modification in view of Marsan, stating:

While Diethert secures the bushing to the wall by means of a nut, which co-operates with the threads on the bushing however, to secure the bushing in sealing engagement with the wall by integral means on the bushing engaging and coacting with the wall, as set forth in claim 1, would be obvious to one skilled in the art since Marsan shows in Figures 5 and 6 that both integral means on the wall engaging the bushing and a nut threaded on the bushing for engagement with the wall are equivalent means of securing a bushing in an opening in a wall.

2. The board did not specifically discuss two other references relied on by the examiner, nor do we find it necessary to do so here.

Appellant's arguments have not convinced us of error in that position.

 With respect to claim 12, the board adopted the reasoning of the examiner regarding the tensioning of the O-ring. Although Bondon does not explicitly teach prestressing his O-ring, the examiner stated:

It is believed, however, that the Bondon reference is fully suggestive of an O-ring which is maintained in assembled relationship with the flange on a connector body to the extent that it is carried thereby during handling and use. Further, it is viewed as an elementary expedient to select an O-ring of such a size that it must be prestressed, i. e. stretched, around the connector body with the result that a seal of increased tightness is achieved when the connector is placed into its operative environment. The use of O-rings and the various techniques of installing them wherever they are desired are so common that few references go into detail in describing them, apparently for the reason that the knowledge of O-rings is so widespread as to warrant no special instruction pertaining to their use, it being assumed that one skilled in the art will know how to utilize an O-ring to obtain maximum effectiveness in creating a seal.

On that point, too, we think the examiner's understanding to be correct. Even appellant's specification tends to reinforce the conclusion that the use of the O-ring made by appellant is conventional as we are unable to find any discussion in the specification (other than in claim 12 itself) that the O-ring is mounted in a prestressed condition, or that prestressing confers such unusual, unexpected advantages as to lend patentability to an otherwise unpatentable claim.

The decision is affirmed.

Affirmed.